# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                |   |                           |
|---|---|---|
| UNITED STATES OF AMERICA,      | ) |                           |
|                                | ) |                           |
| Plaintiff,                     | ) |                           |
|                                | ) | CRIMINAL ACTION          |
| v.                             | ) |                           |
|                                | ) | No. 07-20167-02-KHV      |
| RAMIRO VIVANCO-CORREA,         | ) |                           |
|                                | ) |                           |
| Defendant.                     | ) |                           |
| _____  | ) |                           |

## ORDER

Trial of the two remaining defendants, Ramiro Vivanco-Correa and Francisco Cervantes, is set for November 3, 2009. On October 20, 2009, however, the Court sustained the motion to withdraw filed by counsel for Francisco Cervantes. Because of the extremely short period for new counsel to evaluate the case, advise defendant as to the effect of withdrawing his plea and prepare for trial, the Court will have to continue the present trial setting as to Francisco Cervantes. This order addresses whether a continuance of the trial setting as to Vivanco-Correa is reasonable under the Speedy Trial Act, 18 U.S.C. § 3161.

## Procedural Background

On February 5, 2009, the Court severed the trial of Vivanco-Correa from the remaining defendants who were then set for trial on March 2, 2009. See Order (Doc. #324). The Court set the trial of Vivanco-Correa for July 6, 2009 and on defendant's motion, later continued the trial to November 4, 2009. See Order (Doc. #453) filed June 5, 2009. On June 9, 2009, after the Court rejected his plea agreement under Rule 11(c)(1)(C), Fed R. Crim. P., the Court also set the Cervantes

trial for November 4, 2009.[1] See Minute Entry (Doc. #466).

**Analysis**

The federal system maintains "a preference . . . for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials promote judicial economy and "serve the interest of justice by avoiding the scandal and inequity of inconsistent trials." Richardson v. Marsh, 481 U.S. 200, 209 (1987). Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131, n.6 (1968).

The Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). In determining whether the delay is "reasonable," the Court examines all relevant circumstances including the following factors: (1) whether defendant is free on bond, (2) whether defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial. United States v. Vogl, 374 F.3d 976, 983-84 (10th Cir. 2004); United States v. Olivo, 69 F.3d at 1057, 1061-62 (10th Cir. 1995); United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir. 1990). As to the third factor, where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred. Tranakos, 911 F.2d at 1426.

---

[1] The Court later moved both trials to November 3, 2009. See Minute Order (Doc. #549) filed October 7, 2009.

Here, Vivanco-Correa has been in custody since December of 2007 – almost two years. The Court recognizes the value in trying multiple defendants in a single trial, but that value must yield in this case to the interests of the public and an accused in a speedy trial. Delay of the currently scheduled trial of Vivanco-Correa to coincide with a potential trial of Francisco Cervantes (the only other remaining defendant) is not reasonable. Based on the history of this case, it is quite possible that two trials will not be necessary: the Court may not vacate the guilty plea of Francisco Cervantes and even if the Court does vacate it, Francisco Cervantes may decide to plead guilty either under a different plea agreement or with no plea agreement. If the Court vacates his guilty plea and he does not plead guilty again, new counsel likely will need four to six months, or longer, to prepare for trial.[2] In these circumstances, delay of the trial of Vivanco-Correa is not reasonable for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(6). Accordingly, the Court reminds counsel that the trial of Vivanco-Correa has been severed from that of any other defendants and that it intends to proceed to trial of his case on November 3, 2009.

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Counsel for the government and defendants have repeatedly noted the complex nature of this case due to the unusually large volume of documentary evidence including numerous transcripts of recorded telephone conversations in Spanish. New counsel for Francisco Cervantes may need several months or more to adequately prepare for trial. In February of 2009, the Court sustained the motion of Vivanco-Correa to sever his trial from the remaining defendants for this same reason. See Order To Continue Trial (Doc. #324); see also Motion To Continue Trial (Doc. #316) at 1-2 (counsel needs at least 120 days to get familiar with voluminous discovery and be prepared for trial).